```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JOSEPH MARION HEAD,            )
          Petitioner,          )
                               )
     v.                        )   Civil Action No. 04-11120-RGS
                               )
STATE OF NORTH CAROLINA        )
          Respondent.          )
```

MEMORANDUM AND ORDER

This habeas action was transferred from the Western District of Michigan to this Court. For the reasons set forth below, the Application to Proceed Without Prepayment of Fees is granted and the petition is summarily dismissed.

BACKGROUND

On February 23, 2004, Joseph Marion Head, a federal prisoner[1] now confined to FMC Devens in Ayer, Massachusetts, filed in the Western District of Michigan his self-prepared Section 2254 habeas petition. See Docket, Head v. State of North Carolina, C.A. No. 1-04-cv-00232-GJQ-HWB (W.D. Mich. Apr. 1, 2004). The petition names the State of North Carolina as respondent and seeks to challenge petitioner's 1976 North Carolina conviction. See Petition, p. 1.

---

[1] Petitioner is now serving a 360-month sentence that was imposed pursuant to his convictions on nine counts of mailing threatening communications in violation of 18 U.S.C. § 876. See United States v. Head, No. 98-cr-102-ALL (W.D. N.C. Sept. 12, 2001).

By Order dated May 17, 2004, this action was transferred to the District of Massachusetts finding that although venue lies in both North Carolina and Massachusetts, petitioner is presently incarcerated in Ayer, Massachusetts. See Docket No. 5, Head v. State of North Carolina, C.A. No. 1-04-cv-00232-GJQ-HWB (W.D. Mich. May 17, 2004). This action was received for filing by this Court on May 26, 2004 and was previously assigned to Judge Saris. See Docket, C.A. No. 04-11120-RGS. The case file also contains two of petitioner's pleadings that were (1) originally submitted for filing in the Western District of Michigan; (2) rejected for filing by Order dated May 4, 2004; and (3) submitted for filing in the instant action on June 7, 2004.

## REVIEW

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) (citing Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254). Rule 4 of the Section 2254 Rules authorizes sua sponte dismissal of a petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court...." Rules Governing

§ 2254 Cases, Rule 4(b), 28 U.S.C. foll. § 2254).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

## DISCUSSION

### I. The Application to Proceed Without Prepayment of Fees

A party filing a habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees on the form required by this Court.  See 28 U.S.C. § 1914(a) (fees); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).

Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit is accompanied by an inmate account statement from FMC Devens dated April 20, 2004.  The statement indicates that petitioner has a $0.06 balance in his account.  Based upon this record, petitioner's Application is granted.

### II. The Habeas Petition

Petitioner seeks to challenge his state court conviction of almost 30 years ago.  He is now serving a federal prison sentence.  In order for this court to have jurisdiction over

petitioner's habeas claim, he must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  In addition, "the statutory language [requires] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Because petitioner is no longer in custody with respect to his expired state conviction, he cannot now challenge his state court conviction pursuant to Section 2254. Id.

### ORDER

   Based upon the forgoing, it is hereby

   ORDERED, Petitioner's Petitioner's Application to Proceed Without Prepayment of Fees is GRANTED; and it is further

   ORDERED, the habeas petition is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

SO ORDERED.

Dated at Boston, Massachusetts, this 10th day of June, 2004.

                              /s/ Richard G. Stearns
                              RICHARD G. STEARNS
                              UNITED STATES DISTRICT JUDGE